## DAY *v.* DULLAM.

EXECUTORS AND ADMINISTRATORS — FRAUDULENT CONVEYANCES — NOTICE OF HEARING ON CLAIM.

> A suit by an administrator under 3 Comp. Laws 1915, § 13859, to recover property claimed to have been conveyed by deceased in his lifetime in fraud of creditors, was properly dismissed by the court below where the deficiency in the estate was caused by an order of the probate court allowing a claim after the time for presenting claims had expired, which was void because no notice of the hearing on the claim was given to an heir as an interested party, as required by 3 Comp. Laws 1915, § 13871.[1]

Appeal from Genesee; Parker (James S.), J. Submitted April 7, 1926. (Docket No. 38.) Decided July 1, 1926.

Bill by Melzor C. Day, administrator of the estate of Frank Dullam, deceased, against Arthur P. Dullam to recover property conveyed by deceased in fraud of creditors. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Neithercut & Neithercut,* for plaintiff.

*C. A. Withey,* for defendant.

McDONALD, J. This bill of complaint was filed under authority of section 13859, 3 Comp. Laws 1915, which provides that where the assets of an estate are not sufficient to pay the debts, the administrator shall by proper action maintain suit for the recovery of any real estate which the deceased in his lifetime had conveyed in fraud of his creditors. Frank Dullam died intestate on June 15, 1918. After the time for pre-

---

[1]Executors and Administrators, 23 C. J. § 368.

senting claims had expired, but before the estate was closed, Homer A. Day petitioned for a revival of the commission. An order was made providing for a hearing on his claim before the court. It was allowed at $27,462.20. On this claim as allowed the administrator paid $11,951.26. The estate has no assets with which to pay the balance. Because of this deficiency the administrator has begun this suit to recover certain real estate referred to as the Lapeer street property in the city of Flint, Michigan, which at the time of the death of the deceased was held jointly by him and the defendant Arthur Dullam, and which the plaintiff claims was placed in their joint names by Frank Dullam, the deceased, to defraud his creditors, particularly Homer A. Day. A further purpose of the suit was to recover the partnership interest of the deceased in a stock of groceries and drugs and fixtures in a store operated by him in his lifetime in connection with his son, the defendant. On the hearing the circuit judge denied the relief prayed for, holding that no fraud had been shown; that the administrator was not entitled to the personal property represented by the stock and fixtures of the partnership business; and that the order allowing the claim of Homer A. Day was invalid for lack of notice of hearing, which the statute requires shall be given to interested parties. From a decree dismissing the bill the plaintiff has appealed.

The first question to be considered is the validity of the order of the probate court allowing the claim of Homer A. Day. This order is the basis of the plaintiff's action. If it is not valid there is no deficiency established, and if there be no deficiency he cannot maintain the suit. It is claimed that the order is not valid because no notice of the hearing on the claim was given to the defendant Arthur Dullam, who, as an heir, was an interested party entitled to such notice

under section 13871, 3 Comp. Laws 1915. The applicable part of that section reads as follows:

"In all cases where it is competent for the judge of probate to appoint commissioners to receive, examine and adjust claims against estates of deceased persons, or to revive or continue a commission already granted, the judge of probate may, if he shall think proper, instead of appointing commissioners or reviving or continuing a commission, appoint a time and place for the examination and adjustment of claims against the estate before himself; and in such case if the object be to hear claims generally, he shall give the same notice of the time and place when he will sit to hear claims, and of the time limited for creditors to present their claims as is required by law to be given by commissioners; and if the object be to examine and adjust some particular claim, he shall cause notice of the time and place and object of the hearing to be given to all persons interested, or by publication in such newspaper of the county as he shall designate; and when a hearing shall be thus as aforesaid had before a judge of probate, on filing proof that notice has been given as herein prescribed, the action of the judge of probate in passing upon and adjusting claims shall have the same effect upon all claims against the estate as the action of commissioners would have had if commissioners had been appointed and had acted according to law, and subject to the same provisions in reference to appeal."

Homer A. Day presented a petition for the revival of the commission to hear and adjust his claim. Instead of reviving the commission the probate judge, under authority of the statute above quoted, ordered that the claim be heard by the court. But in fixing the time and place of hearing he apparently followed the provisions of section 13870, 3 Comp. Laws 1915, which are applicable only to the hearing of tardy claims before commissioners, and which require notice of the hearing to be served on the "executor or administrator, and the creditor or their attorneys." If the commission be not revived and the hearing is had

before the judge of probate a different notice is required. It would seem that if there was any good reason for requiring notice to be given to any others than the claimant and administrator when the claim is heard before the judge, the reason would also apply if the same claim were heard before the commissioners. But whatever distinction may have been in the legislative mind there is no question as to its intention to require notice to all interested parties when the hearing is to be had before the court. This claim was heard and allowed by the court. In the order fixing the time and place of hearing he directed that notice be served on the claimant and the administrator. There is no proof of such service in the files of the probate court, though the order allowing the claim recites that notice was given as directed by the court. Notice of the time and place of hearing should have been given to all interested parties. The defendant as an heir was an interested party and entitled to notice. In *Wayne Probate Court* v. *Abbott*, 50 Mich. 278, it was said:

"Every heir and every beneficiary under a will may be interested in disputing an alleged indebtedness, and every creditor also, wherever there is danger that the allowance of further claims will preclude payment in full. * * *

"The settlement of an estate is a proceeding *in rem*, to which all persons interested are, in contemplation of law, parties; the estate is the *res*, and the successive steps are required to be taken in a limited time, and are supposed to be watched by the parties concerned for the protection of their respective interests."

The notice required by this statute takes the place of process to bring the parties before the court, and the court has no jurisdiction to hear and to adjust the claim or make any conclusive judgment thereon until such service has been made and proof thereof filed in

the probate court.    As to this the language of the statute is plain.    It says:

"On filing proof that notice has been given as herein prescribed, the action of the judge of probate in passing upon and adjusting claims shall have the same effect upon all claims against the estate as the action of commissioners would have had if commissioners had been appointed and had acted according to law, and subject to the same provisions in reference to appeal."

It is clear that the statutory requirement of service on all of the interested parties and the filing of proof thereof in the probate court is essential to the validity of the order. It is not claimed by the plaintiff that the statute in respect to the notice prescribed was complied with. It is not claimed that there is or was proof of service on any interested party on file in the probate court. Therefore, the order allowing the claim of Homer A. Day is invalid. Without it there is no deficiency in the assets of the estate and the plaintiff cannot maintain this suit. For this reason the bill should be dismissed. And in view of the disposition of the case on this ground, it is not necessary to discuss other questions involved.

For the reasons stated, a decree will be entered in this court dismissing the bill, with costs to the defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.